UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY JEAN BRIDGEWATER,<br><br>                              Plaintiff,<br>v.<br>ALFREDO RODRIGUEZ, et al.,<br><br>                            Defendants. | Case No.: 3:25-cv-1444-CAB-MSB<br><br>**ORDER DISMISSING MATTER WITH PREJUDICE**<br><br>[Doc. Nos. 2, 4] |

    The Court gave Plaintiff until <u>July 10, 2025</u> to explain how this Court has subject matter jurisdiction over this matter. Plaintiff has represented in her "petition" that she has a pending state court case for which she needs federal subpoenas issued to non-party federal agencies. [Doc. No. 1.] In response to this Court's order, Plaintiff has not submitted a single case indicating that this Court can grant or enforce a subpoena without a live case or controversy in federal court. Simply because a state court lacks the authority to advance a discovery dispute does not mean that a federal court, one of limited jurisdiction, necessarily has jurisdiction over that issue.

A subpoena must issue from the court where the action is pending. *See* Fed. R. Civ. P. 45(a)(2). There is no pending federal action. Should Plaintiff seek to initiate federal litigation pursuant to an appropriate claim, the Court may consider her request. *See Houston Bus. J., Inc. v. Off. of Comptroller of Currency, U.S. Dep't of Treasury*, 86 F.3d 1208, 1212 (D.C. Cir. 1996) ("[W]hen the underlying litigation is in state court, can a litigant eager to avoid the limitations on the state court's subpoena power obtain a federal-court subpoena instead? We hold that in such circumstances the federal court lacks subject-matter jurisdiction to issue the subpoena.").

Plaintiff has not carried her burden to maintain jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court dismisses this matter with prejudice pursuant to Rule 12(b)(1).

It is **SO ORDERED**.

Dated: July 11, 2025

Hon. Cathy Ann Bencivengo
United States District Judge